941 F.2d 1213
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 NORTHWEST OIL & GAS PROPERTIES, INC., a Washington
corporation, Plaintiff-Appellant,
v.
MARSHALL OIL CORPORATION, an Oklahoma corporation, Defendant-Appellee.
 No. 90-6349.
 United States Court of Appeals, Tenth Circuit.
 Aug. 20, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 In this diversity action Northwest Oil & Gas Properties, Inc. (Northwest) appeals an award of attorney fees.
 
 
 3
 Northwest commenced this action against Marshall Oil Corporation (Marshall) and ten other defendants asserting Defendants were responsible for an accounting for all expenses from an oil well; that Defendants were liable for damages for failure to plug and abandon the well and for a determination that operator should be removed; and requesting that Marshall be compelled to participate in gas balancing in accordance with a gas balancing agreement.
 
 
 4
 Marshall filed a motion for summary judgment which the district court granted holding the agreement was not ambiguous and that Northwest had failed to present any evidence supporting its claims.
 
 
 5
 Marshall, pursuant to Oklahoma law,[1] which is the forum state, requested attorney fees. The district court found[2] that the cited Oklahoma law applies even though there was no express averment in the pleadings that the action was maintained pursuant to § 540, as the action clearly involves the construction of the gas balancing agreement and the proceeds from past sales. The district court found Marshall met the statutory provisions as the prevailing party and awarded Marshall attorney fees and costs in the amount of $17,000.
 
 
 6
 Northwest appeals asserting: (1) Okla.Stat. tit. 52, § 540 (quoted in footnote 1) does not support the award; and (2) Marshall is not a prevailing party.
 
 
 7
 Marshall first contends that as the rights of Northwest and Marshall are governed by a private agreement, § 540 does not apply because, by its own terms, § 540 applies only to "proceeding[s] brought pursuant to this act."
 
 
 8
 As this issue involves a question of law we review de novo and give to the district court no deference. Salve Regina College v. Russell, --- U.S. ----, 111 S.Ct. 1217 (1991).
 
 
 9
 Northwest is asking us to apply form over substance. In its amended complaint, Northwest sought relief including attorney fees from Marshall. While Northwest pled no law, it would appear the only conceivable basis for such an award would have been § 540 as neither the contract nor any other cited law would support such an award. An examination of the amended complaint clearly reveals this action was predicated upon § 540 even though no reference is made to this statute. Although Northwest insists Oklahoma Corporation Commission Rule 6-100 "clearly provides for exclusive contractual remedies," Northwest has not alleged the applicability of that rule by averring its gas balancing agreement provides gas balancing "in a manner other than as set forth" in the Rules. See Oklahoma Corporation Commission Rule 6-100.
 
 
 10
 The magistrate cited to Seal v. Corporation Comm'n, 725 P.2d 278 (Okla.1986), and its interpretation of § 540 and § 545 as being helpful in determining whether § 540 applies. Northwest asserts Seal has no application. We find no merit to this contention.
 
 
 11
 Northwest contends Howell Petroleum Corp. v. Samson Resources Co., 903 F.2d 778 (10th Cir.1990), supports its construction of § 540. Attorney fees under a similar Arkansas statute were at issue. Howell is distinguishable as it involved a voluntary settlement. Howell actually provides strong support for Marshall's claim to be a "prevailing party," as it emphasizes that "a final judgment is a prerequisite to being a prevailing party." Id. at 784. Marshall won a final judgment in the underlying action, and Northwest declined to appeal it.
 
 
 12
 Northwest next argues that Marshall was not a "prevailing party" as the district court's judgment did not exonerate Marshall from any future liability. To support this contention Northwest cites several Oklahoma cases which speak of the prevailing party as "one who finally prevails upon the merits."
 
 
 13
 The Oklahoma statute at issue, § 540E, speaks of "[t]he prevailing party in any proceeding." The plain, clear, simple, and unambiguous statutory language commands the courts to look at the party prevailing in a proceeding. The proceeding was terminated and a final judgment was entered upon the merits. The judgment was appealable. Uncertain future events did not postpone the court's decision. Northwest requested no stay upon the merits. The obvious purpose of the Oklahoma statute would be undercut and absurd results would be produced if a court were to adopt Northwest's strained construction. When the district court entered its final judgment it was a final determination under the facts existing at the commencement of the action. Northwest could not successfully maintain a future action based upon these same facts. Northwest has had its day in court on its complaint.
 
 
 14
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Okla.Stat. tit. 52, § 540c (1985) (now § 540E, as amended 1989) states:
 The district court for the county in which the oil or gas well is located shall have jurisdiction over all proceedings brought pursuant to this act. The prevailing party in any proceeding brought pursuant to this act shall be entitled to recover any court costs and reasonable attorney's fees.
 
 
 [2]
 The matter had been referred to a magistrate who issued his Findings, Conclusions, and Recommendation which was adopted by the district court